## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| KELLI A. CORRIEA,<br>     Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | C.A. No. 1:23-cv-00257-JJM-LDA |
| NEWPORT CREAMERY, LP, alias;<br>NEWPORT CREAMERY, LLC, alias;<br>and JOSEPH BRANCA, alias,<br>     Defendants. | )<br>)<br>)<br>)<br>) |  |

## ORDER

Plaintiff Kelli Corriea has moved to compel all Defendants to provide a more complete response to her First Set of Interrogatories and First Set of Requests for Production of Documents (RFPD). ECF Nos. 14, 15. Defendants filed an objection. ECF No. 16-1.

### 1. Request for Privilege Log

As part of her Motion to Compel, Ms. Correia requested that the Defendants provide a privilege log because the Defendants invoked attorney-client privilege and the work-product doctrine in responses to interrogatory numbers 16, 21, 22, and 23. ECF No. 15 at 8. The Defendants assert that they essentially waived their invocation of the work-product doctrine in their supplemental discovery responses. ECF No 16-1. That said, it is unclear if they also intended to waive attorney-client privilege in relation to information sought in those Interrogatories. Accordingly, this Court directs the Defendants to comply with Fed. R. Civ. P. 26(b)(5)(A) requirements that a

privilege assertion must be coupled with a log of the specific information that has not been disclosed based on the claim of privilege, along with a statement of the precise privilege claimed presented in a manner to enable the party seeking the information to assess whether to bring a challenge.

### 2. Motion to Compel Further Answers

After reviewing the parties' arguments and submissions, Ms. Corriea's Motion is resolved as follows:

1. Interrogatory No. 1. Plaintiff's Motion to Compel is GRANTED.

2. Interrogatory No. 2. Plaintiff's Motion to Compel is GRANTED. The Defendants shall clarify the relationship between Newport Creamery, LLC and Newport Creamery, LP.

3. Interrogatory No. 7. Plaintiff's Motion to Compel is GRANTED. The Defendants shall supplement their response to include a complete, dated record of Ms. Corriea's pay rate throughout her employment and a description of Ms. Corriea's job duties and responsibilities.

4. Interrogatory Nos. 8 and 10. Plaintiff's Motion to Compel is GRANTED. The Defendants shall supplement their response to provide the substance of the discussion regarding Ms. Corriea's qualifications.

5. Interrogatory No. 14. Plaintiff's Motion to Compel is GRANTED. If the Defendants cannot identify the employees who took over Ms. Corriea's shifts after her termination, they shall summarize—to Ms. Corriea—their efforts to locate such information.

6.  Interrogatory No. 15.  Plaintiff's Motion to Compel is GRANTED.

7.  Interrogatory No. 16.  Plaintiff's Motion to Compel is GRANTED. Defendants shall determine whether the details Ms. Corriea request are available at their other restaurant locations.

8.  Interrogatory No. 21.  Plaintiff's Motion to Compel is GRANTED.

9.  Interrogatory No. 22.  Plaintiff's Motion to Compel is GRANTED. Defendants shall determine whether the details Ms. Corriea request are available at their other restaurant locations.

10. Interrogatory No. 23.  Plaintiff's Motion to Compel is GRANTED.

11. Interrogatory No. 25.  Plaintiff's Motion to Compel is DENIED.

12. RFPD No. 17.  Plaintiff's Motion to Compel is GRANTED.

Accordingly, the Defendants must provide complete responses to Interrogatories 1, 2, 7, 8, 10, 14,15,16, 21, 22, and 23 and Request for Production No. 17, on or before October 31, 2024.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

October 10, 2024